IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | No. 3:06-CV-02052 |
| Plaintiff, | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, and KAREN F. HOGSTEN, et al., | : | |
| Defendants. | : | |

**O R D E R**

January 8, 2007

**BACKGROUND:**

Plaintiff is an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood"). On October 19, 2006, plaintiff filed *pro se* this instant civil rights action against United States of America, Warden Karen F. Hogsten, and Special Housing Unit ("S.H.U.") Lieutenant Wolmendorf, alleging a First Amendment retaliation claim and Fifth Amendment Due Process claim. Pursuant to 28 U.S.C. § 1915, plaintiff filed two motions to proceed *in forma pauperis*.

In his original complaint, plaintiff alleges that he was sent to the S.H.U. for housing on August 3, 2006, and as a result had to relinquish his private property.

When he was released on August 8, 2006, plaintiff asserts unidentified officers deliberately refused to return all his property to him.  Although plaintiff filed a grievance with Defendant Hogsten and Defendant Wolmendorf, he alleges they did nothing.  Eventually, all of plaintiff's lost property was returned except some family photos and an album book.  He vaguely claims that his property was deliberately lost out of retaliation.  He requests $17,000 in money damages for his lost property.  He also indicates that he has filed a Federal Tort Claims Act ("FTCA") claim for his photos and album book.

This matter was initially referred to United States Magistrate Judge Thomas M. Blewitt.

On November 29, 2006, the magistrate judge issued his thorough eighteen page report and recommendation.  First, he recommends we grant plaintiff's motions to proceed *in forma pauperis* for this action only.  Second, the magistrate judge recommends that the complaint be dismissed against all named defendants.  The magistrate judge reasons that the United States of America cannot be sued in this matter.  According to the magistrate judge, Hogsten and Wolmendorf also cannot be sued in connection to plaintiff's vague First Amendment retaliation claim because plaintiff asserts no facts connecting the defendants to the allegedly wrongful conduct.  As for the defendants' alleged failure to prosecute plaintiff's

grievance, the magistrate judge finds that the plaintiff has no Fifth Amendment Due Process right with respect to the Bureau of Prison's ("BOP") grievance policy. Finally, he recommends we not allow plaintiff an opportunity to amend his complaint, but rather direct him to file an FTCA action once he has exhausted his FTCA administrative remedies.

Plaintiff did not file objections to this report and recommendation, but instead filed an amended complaint. In his amended complaint, plaintiff drops the United States and Hogsten as defendants, but keeps Wolmendorf and adds a Correction Officer named Ditty. Plaintiff alleges Ditty was the officer who failed to give back plaintiff's property, and that Ditty did so because he is friends with S.H.U. officers who are defendants in plaintiff's other lawsuits. Plaintiff kept Wolmendorf as a defendant because another prisoner allegedly saw Wolmendorf throw plaintiff's grievance in the trash.

For the reasons set forth below, we will adopt the magistrate judge's recommendation to dismiss the original complaint as against all defendants and to grant plaintiff's motions to proceed *in forma pauperis* for this action only. In addition, we will dismiss plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. We will refuse to allow the plaintiff the right to amend further because filing a second

amended complaint would be futile. We also refuse to direct the plaintiff to file an FTCA action once he exhausts his administrative remedy.

**DISCUSSION:**

## I.     RELEVANT LEGAL STANDARD

A district court is required to review *de novo* those portions of a magistrate judge's report to which objections are made. L.R. 72.3. When no objections are made, the district court may accept the report without review. Thomas v. Arn., 474 U.S. 140, 149 (3d Cir. 2000). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court may at any time dismiss a section 1915 complaint "that fails to state a claim on which relief may be granted." A court may refuse to allow a party to amend its complaint if the court concludes doing so would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). Amending a complaint is deemed futile if the court concludes a plaintiff can plead no facts that would support a claim for relief. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

## II.     ORIGINAL COMPLAINT

We agree with the magistrate judge that plaintiff's original complaint should

be dismissed. First, as the magistrate judge points out, the plaintiff's suit against the United States fails because the United States enjoys sovereign immunity from suits that allege constitutional violations, such as this one. Jaffee v. United States, 592 F.2d 712, 717-18 (3d Cir. 1979), cert denied, 441 U.S. 961 (1979). Second, plaintiff has no viable First Amendment claim against either Hogsten or Wolmendorf because he fails to plead facts that suggest either defendant played any role in the alleged property deprivation. As the magistrate judge notes, a defendant can only be liable for a First Amendment retaliation claim if the defendant is personally involved in the retaliation. See Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Finally, plaintiff's Fifth Amendment Due Process claim also fails because he has no constitutional right to have a grievance procedure be adequately administered. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977) (Burger, J., concurring); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("[t]here is no legitimate entitlement to a grievance procedure."). For these reasons, we will dismiss plaintiff's original complaint.

### III.   AMENDED COMPLAINT

Instead of filing objections to the magistrate judge's report and recommendation, the plaintiff filed his amended complaint in an attempt to cure the

original complaint's legal deficiencies. As noted, the plaintiff dropped the United States and Hogsten as defendants, but kept Wolfemdorf and added Correction Officer Ditty. Plaintiff alleges Wolfemdorf should be held liable because he allegedly threw out plaintiff's grievance, while plaintiff alleges Ditty should be liable because he was the officer who deprived plaintiff of his property. Plaintiff alleges Ditty deprived him of his property because of two lawsuits plaintiff filed against Ditty's alleged friends.

Plaintiff's amended complaint also fails to state a claim upon which relief may be granted. Plaintiff's allegation that Wolfemdorf physically threw away plaintiff's grievance does not substantively alter the thrust of his original complaint, and therefore we find plaintiff's amended complaint against Wolfemdorf to be deficient for the same reasons his original complaint was deficient. As for plaintiff's claim against Ditty, it is factually impossible for Ditty's alleged retaliatory conduct to have been motivated by plaintiff's lawsuits because such misconduct allegedly occurred *before* such suits were filed. Plaintiff's lawsuits represent the only action plaintiff pled that would qualify for First Amendment protection. The two lawsuits in question - <u>Cyrus v. Hogsten</u>, et al., civ. no. 4:06-cv-1665, and <u>Cyrus v. Doe</u>, civ. no. 4:06-cv-1698 - were filed

with this court on August 24, 2006 and August 30, 2006 respectively.[1] Plaintiff alleges, however, that Ditty retaliated against him for these lawsuits on August 8, 2006, which is actually more than two weeks before plaintiff filed his first lawsuit against Ditty's alleged friends. As a result, Ditty's actions necessarily could not have been motivated by plaintiff's filings, and therefore plaintiff's First Amendment retaliation claim against Ditty is deficient.

We further conclude that allowing plaintiff to amend his complaint a second time would be futile. First, plaintiff's Fifth Amendment claim relies solely on the administration of the BOP's grievance policy, which as a matter of law plaintiff has no constitutional entitlement to have administered adequately. Second, plaintiff's First Amendment claim relies on alleged misconduct that occurred weeks before he engaged in relevant First Amendment speech, which makes it a factual impossibility that such misconduct was taken in retaliation for plaintiff's exercise of his First Amendment rights. No newly pled facts can remedy these defects, and therefore we will adopt the magistrate judge's recommendation to not allow plaintiff to amend his complaint a second time.

The magistrate judge also recommends we direct plaintiff to file an FTCA

---

[1] Although plaintiff does not plead the dates he filed his lawsuits, a court may take judicial notice of the dates. See 28 U.S.C. § 201 (allowing a court to take judicial notice of facts "capable of accurate and ready determination").

action for this matter once plaintiff has exhausted his administrative remedies. We decline to follow this recommendation, however. 28 U.S.C. § 1915(g) prevents prisoners from filing an action if the prisoner has on a prior occasion filed three or more lawsuits that were dismissed on the grounds they were frivolous, malicious, or fail to state a claim upon which relief may be granted. Upon entry of this order, plaintiff will have filed two suits that failed to state a claim worthy of relief - this action, and <u>Cyrus v. Allstate Const. Co., et al.</u>, Civ. No. 02-00845. With six other actions still pending, plaintiff may reach his three lawsuit limit before his FTCA action becomes ripe. Therefore, we will not direct plaintiff to file his FTCA action. It is true, however, that plaintiff's avenue for relief, if any, is through an FTCA action.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge Thomas M. Blewitt's Report and Recommendation is adopted in part. (Rec. Doc. No. 8).

2. Plaintiff's motion for permission to file *in forma pauperis* is granted for this action only. (Rec. Doc. Nos. 2 and 5).

3. Plaintiff's original complaint is dismissed against all defendants - United States of America, Warden Karen F. Hogsten, and S.H.U. Lieutenant Wolmendorf. (Rec. Doc. No. 1).

4. Plaintiff's amended complaint is dismissed against all defendants - Lieutenant Wolemndorf and Correction Officer Ditty. (Rec. Doc. No. 10).

5. Plaintiff is not permitted to amend his complaint.

6. The clerk is directed to close the case file.

      s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge